IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Leroy T. Joyner, | ) | Case No. 6:20-cv-01736-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Henry McMaster, Michael Leach, Tim Mose, Kevin Shwedo, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Complaint alleging violations of his constitutional rights. ECF Nos. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On July 13, 2020, the Magistrate Judge issued a Report recommending that the Complaint be dismissed. ECF No. 19. Plaintiff filed objections to the Report and a motion to amend the complaint. ECF Nos. 23, 24.

## **APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge recommends dismissal of this action because Plaintiff fails to allege personal allegations against the named Defendants and sues them in their official capacities and because Plaintiff's § 1983 claims are barred by the statute of limitations. ECF No. 19. However, upon review of Plaintiff's objections and motion to amend, and in light of the early procedural posture of this case as well as Plaintiff's status as a non-prisoner who has paid the filing fee, it appears he may be able to correct at least some of the deficiencies in his complaint. Accordingly, the Court respectfully declines to adopt the recommendation of the Magistrate Judge.

Plaintiff's motion to amend [23] is granted and Plaintiff is directed to file an amended complaint within 14 days of the date of this order. **Plaintiff is reminded that an amended complaint replaces the complaint and should be complete in itself**. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." (citation and internal quotation marks omitted)); *see also* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2017) ("A pleading that has been

amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . ." (footnotes omitted)).  This matter is recommitted to the Magistrate Judge for further evaluation and possible service of process.

IT IS SO ORDERED.

                                                                            s/Donald C. Coggins, Jr.
                                                                            United States District Judge

October 16, 2020
Spartanburg, South Carolina